COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-05-273-CR

 

 

DEWAYNE OREANTE PRUITT                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

              FROM
THE 355TH DISTRICT COURT OF HOOD COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I. Introduction

A jury convicted Appellant
Dewayne Oreante Pruitt of aggravated sexual assault and assessed his punishment
at life imprisonment and a $10,000 fine. In his sole point, Pruitt asserts that
the trial court erred in excluding evidence of the complainant's motive.  We affirm.








II. Background Facts

Pruitt and his wife, Dawn,
are the biological parents of five children, three girls and two boys.  One of Pruitt=s daughters, A.P., told some of her friends at work that Pruitt had
been sexually abusing her.  A week later,
one of A.P.=s friends
reported this to Child Protective Services (CPS) and Pruitt was subsequently
charged with aggravated sexual assault. 
At trial, A.P. testified that Pruitt had performed oral sex on her,
digitally penetrated her, and touched her breasts and vagina.  She testified further that at one point, she
told her mother about the abuse by her father and that her mom asked her what
she (A.P.) wanted her (the mother) to do about the situation.  The mother also told A.P. to Anot be in a room alone with him.@  A.P. stated that the abuse
continued even after she told her mother about it.  A.P.=s two sisters also testified that they had been sexually abused by
Pruitt.  The jury found Pruitt guilty and
assessed his punishment at life in prison with a fine of $10,000. 

III. Exclusion of Evidence 








Pruitt complains that it was
error to exclude evidence of the disciplinary problems he had with A.P.  The standard of review for a trial court=s decision to admit or exclude evidence is an abuse of discretion
standard.  Burden v. State, 55
S.W.3d 608, 615 (Tex. Crim. App. 2001). 
The test for abuse of discretion is whether the court acted without
reference to any guiding rules or principles, and the mere fact that a trial
court may decide a matter within its discretionary authority differently than
an appellate court does not demonstrate abuse. 
Montgomery v. State, 810 S.W.2d 372, 379-80 (Tex. Crim. App.
1990).  The appellate court will not
reverse a trial court=s ruling on
the admission of evidence as long as the ruling is within the zone of
reasonable disagreement.  Id. 

At trial, Dawn testified on
direct that A.P. told her that Pruitt had sexually abused her.[2]  During the cross-examination, Pruitt sought
to introduce testimony of recent disciplinary problems involving A.P. in order
to establish A.P.=s motivation
for the allegation against Pruitt.  The
State objected to the evidence as inadmissible evidence of specific instances
of conduct.  See Tex. R. Evid. 608(b).  Pruitt=s offer of proof shows that Dawn would have testified that there had
been problems and conflict between A.P. and Pruitt in the months prior to A.P.=s allegations against Pruitt. 
Dawn testified that Pruitt had taken A.P.=s car away from her and that A.P. was very angry at Pruitt for doing
so.  The trial court sustained the State=s objection and found that the evidence was inadmissible as a specific
instance of conduct offered for the purpose of attacking the witness=s credibility under rule of evidence 608(b).[3]









In its brief, the State
concedes that under the rules of evidence, specific acts of conduct may be
admissible for another purpose such as to show motive or bias.  See Tex.
R. Evid. 404(b).  However, the
State argues that here, the excluded testimony provided a motive for A.P. to be
untruthful in regard to her mother, but did not provide a motive for
A.P. to be untruthful in regard to her allegations of sexual abuse by her
father, Pruitt. 

The trial court did not err
in excluding Dawn=s testimony
of the conflicts between A.P. and Pruitt in the months before A.P.=s allegations of sexual abuse by Pruitt.  See Herrera v. State, No.
08-01-00152-CR, 2004 WL 321681, at *5 (Tex. App.CEl Paso Feb. 20, 2004, pet. ref=d) (mem. op.) (not designated for publication) (holding trial court
did not abuse discretion by refusing to allow defendant to question victim to
show motive when motive was well developed through introduction of other
evidence); cf. Carmona v. State, 698 S.W.2d 100, 104 (Tex. Crim.
App.1985) (holding trial court did not abuse discretion in refusing to permit
cross‑examination of state witness on pending burglary charge against
witness, as witness was thoroughly cross‑examined on his involvement in
crime at issue and bias and prejudice of witness was patently obvious).  








We conclude, that even if the
trial court did err in excluding the evidence, the error was harmless.  In this case, any motive A.P. may have had to
concoct a sexual assault charge against Pruitt was well developed by Pruitt=s counsel at trial, without resort to evidence of Dawn=s testimony regarding conflicts between A.P. and Pruitt.  During his cross-examination of A.P., A.P
testified that she had been upset with Pruitt when he forced her to cut back
her work hours and to move out of her bedroom. 
Further, A.P. testified that as between her mother and father, Pruitt
was the primary disciplinarian.  Thus,
A.P.=s possible motive to lie about the allegations against Pruitt was well
established.  We overrule Pruitt=s sole issue.

IV.
Conclusion

Having overruled Pruitt=s sole point on appeal, we affirm the trial court=s judgment. 

 

BOB MCCOY

JUSTICE

 

PANEL B:   DAUPHINOT, WALKER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
March 2, 2006

 

 

 








 











[1]See Tex. R. App. P. 47.4.





[2]Pruitt did not assert a hearsay
objection to this testimony.  





[3]Rule 608 states that specific
instances of conduct of a witness, for purpose of attacking or supporting the
witness=s credibility, other than
conviction of crime as provided in Rule 609, may not be inquired into on
cross-examination of the witness nor proved by extrinsic evidence.  Tex.
R. Evid. 608.